**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| TERRY MCKENZIE, JR., <br><br> Plaintiff, <br><br> vs. <br><br> HELENA LABORATORIES CORPORATION, <br><br> Defendant. | Case No.: 1:25-cv-00572 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Terry McKenzie, Jr. (hereinafter the "Plaintiff"), by and through his attorneys, Consumer Attorneys PLLC, hereby complains of the Defendant Helena Laboratories Corporation (hereinafter the "Defendant"), upon information and belief, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this case alleging that Defendant had violated the Family and Medical Leave Act ("FMLA") (29 U.S.C. §§ 2601–2654), the Americans with Disabilities Act's ("ADA"), as amended by the ADA Amendments Act ("ADAAA") (42 U.S.C. §§ 12101 to 12213), and the Texas Disability Act, also referred to as the Texas Commission on Human Rights Act ("TCHRA") (Tex. Lab. Code Ann. §§ 21.001 – 21.556), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of his actual and/or perceived disability and/or serious health condition as well as because he was retaliated against following his requests for a reasonable accommodation and/or job protected leave.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including the FMLA and ADA.

3. This Court has supplemental jurisdiction over related state claims of the TDA against Defendant under 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of Texas.

## PROCEDURAL REQUIREMENTS

5. Plaintiff filed a charge of discrimination upon which this Complaint is based with the United States Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC on September 9, 2025, with respect to the herein charges of discrimination and retaliation.

7. A copy of the Notice of Right to Sue is annexed hereto as **Exhibit "A."**

8. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

9. Plaintiff therefore exhausted his administrative remedies as is required by the ADA.

## PARTIES

10. At all relevant times, Plaintiff was and is a citizen of the State of Texas residing in Jefferson County.

11. Upon Information and belief, Defendant is a corporation duly existing pursuant to, and by virtue of, laws of Texas, which is authorized to do business in this district.

12. Upon information and belief, Defendant employs more than fifty (50) employees and is thus subject to all statutes upon which Plaintiff is proceeding herein.

13. At all relevant times, Plaintiff was an employee of Defendant, located at 1530 Lindbergh Drive Beaumont, TX 77707.

## STATEMENT OF FACTS

14. Plaintiff commenced employment with Defendant on February 1, 2022, wherein he served as a production employee.

15. For two (2) years, Plaintiff continued to perform at a satisfactory level without any complaints from management related to his job performance.

16. On January 3, 2024, Plaintiff discovered that he had a brain tumor.

17. As a result, Plaintiff notified the Defendant on January 4, 2024, that he would be required to take leave and inquired whether there were any documents that required his signature.

18. Defendant responded in a hostile manner to Plaintiff's request and never provided him FMLA certification paperwork or engaged with him in any interactive process despite the fact Plaintiff obtained and provided to Defendant medical records supporting his need for leave and a reasonable accommodation.

19. Instead, Plaintiff was never provided any information concerning his rights under the FMLA.

20. Despite Plaintiff's numerous requests for protected medical leave and/or a reasonable accommodation, Defendant refused to acknowledge his request and failed to inform Plaintiff of his eligibility for protected FMLA leave.

21. Plaintiff only became aware of his eligibility for FMLA leave on April 30, 2024, two (2) days before his brain tumor removal surgery was scheduled for May 2, 2024.

22. When Plaintiff requested the paperwork for FMLA leave, Defendant informed him that he had already been terminated for job abandonment despite never having notified Plaintiff of his rights under the FMLA.

23. Plaintiff thus first learned that he was terminated on April 30, 2024.

24. On several occasions after being terminated, Defendant misrepresented to the Plaintiff his eligibility to be rehired.

25. Indeed, after undergoing several reapplications and interviews, Plaintiff was informed that his position was no longer available.

26. Defendant terminated Plaintiff on the ground that it could not hold his job open for him, without once ever: (i) inquiring as to his prognosis; (ii) determining his ability to return to work; or (iii) determining whether he could do so with a reasonable accommodation.

27. Accordingly, as a result of Defendant's blatant and willful violations of multiple federal and state employment laws, including his protected rights against interference and retaliation, Defendant's actions have collectively detrimentally affected Plaintiff's emotional state of mind and caused his financial harm, as well.

28. It is clear from the extremely short temporal proximity of Plaintiff's request for medical leave and Defendant's decision to terminate him that the reason to terminate Plaintiff was discriminatory and retaliatory in nature.

29. Rather than engaging in a meaningful interactive dialogue, Defendant terminated Plaintiff in order to avoid providing a reasonable accommodation as is required by law.

30. Similarly, rather than reinstating Plaintiff as is required under the law, Defendant insisted that he was eligible for rehire but provided a pretextual reason for denying him reemployment.

31. Defendant thus paid lip service to the law and willfully failed to comply with its obligations under the FMLA.

32. Accordingly, Plaintiff has been unlawfully discriminated against on the basis of his actual and/or perceived disabilities and for requesting leave authorized under the FMLA.

33. Defendant acted intentionally and intended to harm Plaintiff.

34. Defendant treated Plaintiff this way solely due to his disability and/or serious health condition, whether actual and/or perceived and for requesting an accommodation and leave.

35. Alternatively, Defendant's decision to terminate Plaintiff was at least in part substantially motivated by the advent of his disability and need for reasonable accommodation and leave.

36. Defendant retaliated against Plaintiff solely because he requested accommodation in view of his actual disability and need for medical leave.

37. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, other compensation which such employment entails, as well as emotional distress damages.

38. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

39. Plaintiff was and is disabled and has a serious health condition within the meaning of the FMLA, ADA and TDA and/or Defendant perceived Plaintiff to be disabled.

40. Plaintiff is a qualified individual by virtue of his prior experience, who can perform the essential functions of his employment with or without a reasonable accommodation as defined by §12111(8) of the ADA.

41. At all times relevant, Plaintiff's disability was a physical impairment which substantially limits one or more major life activities within the meaning of § 12102(1)(A) of the FMLA and ADA, as he was required to be out of work to prepare for surgery, undergo surgery, and recover from surgery due to the existence of a brain tumor.

42. Defendant unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff and retaliated against his for seeking to permit his to seek leave as is his right under the law.

43. The above are just some of the ways the Defendant discriminated and retaliated against the Plaintiff while employing him.

44. Plaintiff was offended, disturbed, and humiliated, by the blatantly unlawful, discriminatory, and retaliatory termination.

45. It is a miracle Plaintiff is alive today; it should not be a miracle for the Defendant to comply with the law.

46. Defendant conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law given the existence of its employment law practice.

47. As such, Plaintiff demands punitive damages as against Defendant.

## AS A FIRST CAUSE OF ACTION FOR RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT

48. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

49. Plaintiff was qualified for his position and had performed his job duties effectively prior to the acts complained of here.

50. Defendant, despite actual knowledge of the medical condition of the Plaintiff, necessitating a leave under the FMLA, simply ignored the same.

51. When Plaintiff notified the Defendant of his scheduled surgery, Defendant terminated Plaintiff's employment allegedly on the ground of job abandonment *without ever telling the Plaintiff that he was terminated*!

52. Plaintiff suffered an adverse employment action when he was wrongfully terminated, which he first discovered on April 30, 2024 because the Defendant failed to give him notice that he had been terminated.

53. Defendant's alleged reason for terminating Plaintiff's employment is pretextual and baseless.

54. Defendant fired Plaintiff because he asserted rights recognized under the FMLA.

55. Defendant's conduct constitutes unlawful retaliation against Plaintiff in violation of his rights under the FMLA, 29 U.S.C. § 2615(a).

56. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

57. Plaintiff is also entitled liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

58. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

59. Section 12112 of the ADA, titled "Discrimination," provides:

   a. General rule. - No covered entity shall discriminate against a qualified individual on the basis of **disability** in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

60. Defendant violated this section as set forth herein

## AS A THIRD CAUSE OF ACTION FOR RETALIATION
## UNDER THE AMERICANS WITH DISABILITIES ACT

61. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. The ADA prohibits retaliation, interference, coercion, or intimidation.

63. Section 12203 of the ADA provides:

> b. Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
>
> c. Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or his having exercised or enjoyed, or on account of his or his having aided or encouraged any othis individual in the exercise or enjoyment of, any right granted or protected by this chapter.

64. Defendant violated this section as set forth herein.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE TEXAS DISABILITY ACT

65. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

66. Plaintiff is a qualified individual with a disability within the meaning of Texas Labor Code § 21.002(6) and performed all essential functions of the position with or without reasonable accommodations.

67. Defendant discriminated against Plaintiff because of Plaintiff's disability, in violation of Texas Labor Code §§ 21.051 and 21.105.

68. Defendant's actions were willful, malicious, or in reckless disregard of Plaintiff's protected rights.

69. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer loss of wages, salary, and employment benefits, emotional pain, mental anguish, and loss of enjoyment of life and costs of seeking alternative employment.

70. Plaintiff therefore is entitled to compensatory damages for emotional distress, reinstatement to Plaintiff's former position or a comparable position, attorney's fees and costs, pre- and post-judgment interest and other relief the Court deems just and proper.

## AS A FIFTH CAUSE OF ACTION FOR RETALIATION
## UNDER THE TEXAS DISABILITY ACT

71. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

72. Defendant retaliated against Plaintiff in violation of Texas Labor Code § 21.055, which makes it unlawful for an employer to retaliate against a person for exercising a statutory protected right.

73. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer loss of wages, salary, and employment benefits, emotional pain, mental anguish, and loss of enjoyment of life and costs of seeking alternative employment.

74. Plaintiff therefore is entitled to the reliefs under Chapter 21 of the Texas Labor Code which include, among others, compensatory damages for emotional distress, reinstatement to Plaintiff's former position or a comparable position, attorney's fees and costs, pre- and post-judgment interest and other relief the Court deems just and proper.

## **JURY DEMAND AND PRAYER FOR RELIEF**

75. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a jury trial on all issues to be tried.

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the FMLA, ADA, and TCHRA, in that Defendant discriminated and retaliated against Plaintiff on the basis of his actual and/or perceived disability and requesting an accommodation and FMLA protected leave.

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation and to otherwise make his whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: December 5, 2025                                Respectfully submitted,

**CONSUMER ATTORNEYS PLLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq., Bar #5154588NY
68-29 Main Street
Flushing NY 11367
T: (718) 412-2421 (office)
F: (718) 489-4155 (facsimile)
E: ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Terry McKenzie, Jr.*