**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

|  |  |
|---|---|
| TERRY MCKENZIE, JR.,<br><br>                              Plaintiff,<br><br>      vs.<br><br>HELENA LABORATORIES<br>CORPORATION,<br><br>                              Defendant. | Case No.: 1:25-cv-572 (MJT) |

## <u>JOINT RULE 26(f) REPORT</u>

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (hereinafter referred to as the "Rules" or "Rule") and this Court's Order Setting Civil Action For Rule 16 Management Conference (ECF Docket Entry 5), Plaintiff Terry Mckenzie, Jr. ("Plaintiff") and Defendant Helena Laboratories Corporation ("Defendant"), by and through their undersigned counsel, respectfully submit the following Joint Rule 26(f) Report:

Counsel for the Parties conferred by video conference on February 2, 2026, at 3:30 PM EST. Emanuel Kataev, counsel for Plaintiff, and Sonia Alfaro, Esq., counsel for Defendant, participated in the conference.

**1.     A brief factual and legal synopsis of the case**

<u>Plaintiff</u>: Plaintiff brings this case alleging that Defendant had violated the Family and Medical Leave Act ("FMLA") (29 U.S.C. §§ 2601–2654), the Americans with Disabilities Act's ("ADA"), as amended by the ADA Amendments Act ("ADAAA") (42 U.S.C. §§ 12101 to 12213), and the Texas Disability Act, also referred to as the Texas Commission on Human Rights Act ("TCHRA") (Tex. Lab. Code Ann. §§ 21.001 – 21.556), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of his actual and/or

perceived disability and/or serious health condition as well as because he was retaliated against following his requests for a reasonable accommodation and/or job protected leave.  For two (2) years, Plaintiff continued to perform at a satisfactory level without any complaints from management related to his job performance.  On January 3, 2024, Plaintiff discovered that he had a brain tumor.  As a result, Plaintiff notified the Defendant on January 4, 2024, that he would be required to take leave and inquired whether there were any documents that required his signature. Instead, Defendant later terminated Plaintiff shortly after his request for leave.

    <u>Defendant</u>:

A plaintiff may assert a claim pursuant to TCHRA or Title VII for discriminatory acts that occurred no more than 180 days prior to filing a charge of discrimination. TEX. LABOR CODE § 21.202(a). In states that provide a remedy for discrimination, as Texas does, a plaintiff may assert a claim pursuant to Title VII for discriminatory acts that occurred no more than 300 days prior to filing a charge of discrimination. 42 U.S.C. § 2000e-5(e). *Fortier v. Redi-Carpet Sales of Houston, Ltd.*, No. 4:19-CV-0899, 2020 WL 4018609, at 2 (S.D. Tex. June 23, 2020), report and recommendation adopted, No. 4:19-CV-899, 2020 WL 4017841 (S.D. Tex. July 15, 2020.

In his Charge of Discrimination, McKenzie alleges acts of discrimination/retaliation dating all the way back from September 19, 2022.  However, based on the above, and the date the Charge was filed in this case (February 21, 2025), McKenzie is barred from claiming any alleged act of discrimination/retaliation occurring on or before April 27, 2024.  This would include his termination, occurring on January 30, 2024, and informed to him mid-February, pursuant to the admissions he provided as part of his unemployment benefits process before the Texas Workforce Commission. Therefore, all allegations made by McKenzie in this matter are time- barred and should be summarily dismissed.

All of the above is enough for dismissal of all pending claims at hand.  However, we discuss, while even arguendo for purposes of this discussion only, that even if McKenzie's claims were not time barred, his claims would still fail as the Company had a legitimate non-discriminatory and non-retaliatory reason for his termination.

Contrary to what McKenzie seems to allege, once he was apparently diagnosed with a brain tumor on January 3rd, when he had left the workplace to the Emergency Room for an emergency, he never came back to work, provided any medical certification to the Company or the like about his condition nor did he ever provide any reason or excuse for his absences that happened for all the days he was scheduled to work during the month of January 2024, after January 3rd.  This despite him being physically well-enough to come into the worksite to visit/socialize on at least 3 separate occasions during that same month.

Immediately upon learning of his diagnosis, the Company attempted to initiate an interactive process with McKenzie by doing all it could to provide McKenzie with the paperwork needed so that he could go out on leave, yet, despite the Company's multiple efforts for him to come and pick up the paperwork he opted to not pick the paperwork up, nor to send any excuse or medical note ever to the workplace. This despite McKenzie visiting for social purposes the worksite on at least 3 separate occasions.

McKenzie was absent after January 3rd, at least on 15 consecutive days when he was scheduled to work.  Twenty-seven (27) days went by after McKenzie informed the Company of his diagnosis, and he never provided any reason or medical note to excuse his absences, despite the Company asking for it and tendering his FMLA paperwork to him.  It was then, that pursuant to Company policy McKenzie was terminated and informed of his termination, as he admits, mid-February 2024.  Therefore, McKenzie's termination was not discriminatory or retaliatory as alleged.  Furthermore, the Company attempted to engage with McKenzie in the interactive process, but he failed to even come an pickup paperwork to do so.

Contrary to what McKenzie alleges, there was never any medical requests made by McKenzie to the Company.  Quite to the contrary, it was the Company who initiated the interaction with McKenzie to provide him with the FMLA paperwork that he continuously refused to go and get.   Again, contrary to what he alleges, he never provided the Company with any medical paperwork, despite the Company's efforts to provide him FMLA paperwork.  As if this were not enough, and despite the Company's efforts to engage with McKenzie in the interactive process,

he never requested any accommodation.  Therefore, it is clear that there can be no retaliation and failure to accommodate when the employee does not engage in the interactive process and fails to request any accommodation.

**2.      The jurisdictional basis for this suit.**

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including the FMLA and ADA.

This Court has supplemental jurisdiction over related state claims of the TDA against Defendant under 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts.

**3.      Confirm that initial mandatory disclosures required by Rule 26(a)(1) and this Order have been completed.**

Not yet, as this is addressed in the accompanying proposed scheduling Order.

**4.      Proposed Scheduling Order deadlines.**

| | |
|---|---|
| 3/1/2026 | Deadline for motions to transfer. |
| 3/1/2026 | Deadline to add parties without leave of court. |
| 7/1/2026 | If parties plan to mediate, state date parties propose. |
| 3/1/2026 | Deadline for plaintiff to file amended pleadings. A motion for leave to amend is not necessary. |
| 4/1/2026 | Deadline for defendant to file amended pleadings. A motion for leave to amend is not necessary. |
| 6/1/2026 | Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof, pursuant to federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| 7/1/2026 | Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof, pursuant to federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| Seven (7) weeks after disclosure of an expert is made | Deadline to object to any other party's expert witnesses. Objections shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all information necessary to make a ruling on any objection. The Court will not accept objections to |

| | |
|---|---|
| | experts filed in any form—i.e., Motions in Limine—after this date. <br><br> Expert reports should include the categories of information set out in Federal Rule of Civil Procedure 26(a)(2)(B)(i)-(vi) and 26(a)(2)(C)(i)-(ii). Challenges to expert reports include those set out in Federal Rule of Evidence 702(a)-(d) and 703. |
| | |
| 6/15/2026 | All discovery shall be commenced in time to be completed by this date. |
| 6/1/2026 | Notice of intent to offer certified records. |
| 9/1/2026 | Deadline for Motions to Dismiss, Motions for Summary Judgment, or other dispositive motions. |
| 10/1/2026 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form. |
| 11/1/2026 | For witnesses who are not going to be called live, oral, and video deposition designations due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and request line and page numbers to be offered. Counsel must consult on any objections, and only those which cannot be resolved shall be presented to the court. The party who filed the initial video deposition designation is responsible for preparation of the final edited video in accordance with all parties' designations, <br> and the court's rulings on objections. (Designations are not to be made for witnesses who will appear live, nor for impeachment on cross-examination.). |
| 11/15/2026 | File unresolved objections to oral and video deposition extracts. |
| 11/30/2026 | Motions in Limine due. |
| 12/15/2026 | Deadline to file Joint Final Pretrial Order. |

| | |
|---|---|
| 1/15/2027 | Response to Motions in Limine due. |
| 1/30/2027 | File Proposed Jury Instructions/Verdict Form |
| Date will be set by Court. Usually within 10 days prior to Final Pretrial. | If numerous objections are filed, the Court may set a hearing to consider all pending motions and objections. |
| 2/25/2027 | 9:00 a.m. - Final Pretrial Conference in Courtroom 2, Jack Brooks Federal Courthouse, 300 Willow Street, Beaumont, Texas. Date parties should be prepared to try case. Provide court with two copies of Exhibit List, using form from District Clerk's Office.<br>Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pretrial Order. |
| 3/1/2027 | 9:00 a.m. – Jury Selection and Trial at the Ward R. Burke Federal Courthouse, 104 N. Third Street, Lufkin, Texas. |

5. **If the parties agree that mediation is appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator, and a proposed deadline should be stated. An early date is encouraged to reduce expenses. The court may appoint a mediator upon request.**
7/1/2026

6. **What changes, if any, should be made to the limitations on discovery imposed by the rules, including number of depositions and interrogatories?**

At this time, the Parties do not propose any limitations on discovery. Should either party believe limitations are necessary, the Parties agree to confer with one another in good faith regarding the issue.

7. **The identity of persons expected to be deposed.**

Plaintiff: Rule 30(b)(6) representative of Defendant.

Defendant:  Plaintiff.

8. **Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The Parties do not expect any issues or disputes concerning disclosure or discovery of ESI and plan to produce such documents and/or information by PDF, with the exception of Excel

6

spreadsheets, which will be produced in native format (if requested and production would not be unduly burdensome). The Parties anticipate exchanging discovery through email and/or a secure file transfer protocol site.  The Parties do not expect that production will involve metadata. The Parties reserve the right to raise such issues with the Court if attempts to cooperatively resolve them first are unsuccessful. If any controversy ensues regarding electronically stored information the parties agree to meet and confer to limit the scope of the documents being requested so as to make litigation feasible and not unnecessarily burdensome and costly and in alignment with the claims and potential remedies in the case.

9.    **Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502.**

The Parties have no present disputes regarding claims of privilege of preservation of discoverable information. If any issues arise regarding the inadvertent production of privileged documents or materials, the Parties agree that any privilege claims will not be waived by production, and the party inadvertently producing the documents or materials can request their return within a reasonable amount of time after the inadvertent production is discovered. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulated Order shall be interpreted to provide the maximum protection allowed by Rule 502(d) of the Federal Rules of Evidence. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

7

The Parties agree that if a protective order is necessary, the Parties will confer about same prior to seeking intervention from the Court.

**10.    Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or Rule 16(b) or (c).**

Following exchange of discovery requests, the Parties may jointly move the Court to enter the Form Protective Order published on the Court's website. Otherwise, none.

**11.    The expected length of trial and whether it will be to a jury or the bench.**

The Parties estimate three (3) days of trial. Plaintiff timely demanded a jury trial.

**12.    The names of the attorneys who will appear on behalf of the parties at the Management Conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

<u>For Plaintiff</u>:  Emanuel Kataev, Esq.

<u>For Defendant</u>: Sonia B. Alfaro, Esq.

**13.    Any other matters that counsel deem appropriate for inclusion in the Joint Conference.**

None at this time.

Dated: February 4, 2026

Respectfully submitted,

| | |
|---|---|
| **CONSUMER ATTORNEYS PLLC** | */s/ Sonia B. Alfaro* |
| | **SONIA B. ALFARO** |
| */s/ Emanuel Kataev, Esq.* | State Bar No. 24086849 |
| Emanuel Kataev, Esq., Bar #5154588NY | S.D. of Texas Bar No. 2898190 |
| 6829 Main Street | **MEADERS & ALFARO** |
| Flushing, NY 11367-1305 | 1330 Post Oak Blvd., Suite 801 |
| (718) 412-2421 (office) | Houston, TX 77056 |
| (718) 489-4155 (facsimile) | Telephone: (713) 403-3125 |
| ekataev@consumerattorneys.com | Facsimile: (855) 602-8224 |
| | Email: salfaro@meaderslaw.com |
| *Attorneys for Plaintiff* | |
| *Terry McKenzie, Jr.* | *Attorneys for Defendant,* |
| | *Helena Laboratories Corporation* |