**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS,**
**BEAUMONT DIVISION**

| | |
|---|---|
| TERRY MCKENZIE, JR.<br><br>Plaintiff<br><br>v.<br><br>HELENA LABORATORIES CORPORATION<br><br>Defendant | Civil Action No. 1:25-cv-00572 |

**DEFENDANT HELENA LABORATORIES CORPORATION MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF**

TO THE HONORABLE COURT:

COMES NOW, Defendant HELENA LABORATORIES CORPORATION ("Defendant" or "Helena") through its undersigned counsel and moves for summary judgment under Federal Rule of Civil Procedure 56 and Local Rule CV-56 on all claims asserted by Plaintiff Terry McKenzie, Jr. ("Plaintiff") and respectfully demonstrates to the Court as follows:

## I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. **Is Defendant entitled to Summary Judgment because Plaintiff failed to exhaust his administrative remedies under the ADA and Chapter 21?**

2. **Is Defendant entitled to Summary Judgment because Plaintiff cannot establish a protected activity or a causal connection between protected activity and his termination, and his claim fails as a matter of law?**

## II. INTRODUCTION

The undisputed facts in this case establish that Plaintiff's claims under the Americans with Disabilities Act ("ADA") and Chapter 21 of the Texas Labor Code ("Chapter 21") fail because he did not timely exhaust his administrative remedies. Plaintiff's claim for retaliation under the Family and Medical Leave Act ("FMLA") also fails because he did not take FMLA leave, apply

for FMLA leave, or otherwise engage in activity protected by the FMLA before his termination. Because Plaintiff's claims fail on these undisputed threshold grounds Defendant is entitled to summary judgment and dismissal of Plaintiff's claims with prejudice.

## III. PROCEDURAL BACKGROUND

Plaintiff filed his Original Complaint on December 5, 2025. Defendant propounded Requests for Production and Interrogatories upon Plaintiff on March 24, 2026. Plaintiff responded on May 7, 2026. Defendant served Requests for Admission upon Plaintiff on September 2, 2026. Those responses are due today, October 1, 2026. Plaintiff has propounded no discovery requests upon Defendant. A scheduling order is in place which sets the discovery deadline as November 24, 2026, and the dispositive motions deadline as October 1, 2026. Trial is set for March 1, 2027.

## IV. SUMMARY OF ARGUMENTS

Defendant terminated Plaintiff on January 30, 2024. Plaintiff did not file his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission ("TWC") until February 21, 2025—**388 days after his termination**. The Charge was untimely under both the ADA and Chapter 21, and Plaintiff's discrimination and retaliation claims are therefore barred for failure to timely exhaust administrative remedies.

Plaintiff also cannot establish a claim for FMLA retaliation. While his Original Complaint asserts Defendant retaliated against him "because he asserted rights recognized under the FMLA,"[1] the undisputed evidence demonstrates Plaintiff never took FMLA leave, never applied for FMLA leave, and never provided Defendant with FMLA paperwork. Because Plaintiff did not exercise or attempt to exercise an FMLA right, he cannot establish a protected activity or a causal connection between protected activity and his termination, and his claim fails as a matter of law.

---

1. [1] Plaintiff's Original Complaint, ¶54. [Doc. 1].

## V. EXHIBITS

**EXHIBIT A** Plaintiff's Termination Notice dated 1/30/24.

**EXHIBIT B** Plaintiff's TWC Notice of Application for Unemployment Benefits dated 6/2/24.

**EXHIBIT C** Plaintiff Deposition Excerpts.

**EXHIBIT D** Charge of Discrimination dated 2/21/25.

## VI. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff worked for Defendant as a production employee. He discovered he had a brain tumor on January 3, 2024. Defendant's evidence demonstrates it terminated Plaintiff on January 30, 2024, after he was a no call/no show for three days. **Exhibit A. Plaintiff's termination document dated 1/30/24.**

2. Plaintiff's Notice of Application for unemployment benefits states: "I got a brain tumor on Jan 3, and I was told by Janet in mid Feb after my PTO ran out that I was terminated and to 'just focus on getting healthy and come back.'" **Exhibit B. TWC Notice of Application for Unemployment Benefits dated 6/2/24.**

3. Plaintiff testified in his deposition he visited Defendant in February 2024 and during a visit that month he saw paperwork reflecting he had "already been terminated". **Exhibit C- Deposition Excerpts of Plaintiff, P. 61, L. 1-14.** Plaintiff further confirmed by February 2024, he knew Defendant had terminated his employment. **Exhibit C- Deposition Excerpts of Plaintiff P. 73, L. 10-22.**

4. Plaintiff never took FMLA leave and never applied for FMLA leave. **Exhibit C- Deposition Excerpts of Plaintiff**, **P. 73, L. 10-22**. He further testified he did not know what FMLA leave was in January 2024. **Exhibit C- Deposition Excerpts of Plaintiff- P. 73, L. 9-13; P. 75, L. 1-5**. He also admitted that from January 3 through May 2024, he did not provide Defendant with FMLA paperwork on his own. **Exhibit C- Deposition Excerpts of Plaintiff- P. 73, L. 9-13; P. 75, L. 1-5.**

5. Plaintiff dually filed his Charge of Discrimination with the EEOC and TWC on February 21, 2025. **Exhibit D. Charge of Discrimination dated 2/21/25.** In his Charge Plaintiff selected retaliation and disability as the basis for his ADA and Texas Labor Code claims. **Id.** Plaintiff filed his Original Complaint on December 5, 2025 (**Plaintiff's Original Complaint [Doc. 1]**) asserting claims for FMLA retaliation, ADA disability discrimination, ADA retaliation, Chapter 21 disability discrimination, and Chapter 21 retaliation. **Id.**

## VII. SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted when the pleadings, discovery and disclosure materials on file, and affidavits, show "there is no genuine issue as to any material fact

and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute concerning a material fact is considered "genuine" if the evidence "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). It is not the Court's [*2] function to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. The Court must determine if there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* Of course, in ruling on a motion for summary judgment, all inferences drawn from the factual record are viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The court also "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

If the party moving for summary judgment carries its burden of producing evidence which tends to show there is "no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). The nonmoving party may not rely upon mere conclusory allegations to defeat a motion because allegations of that type are not competent summary judgment evidence and are insufficient to defeat a proper motion. *Id.* In fact, if the "nonmoving party rests merely upon conclusory allegations, improbable inferences, and [*3] unsupported speculation," a motion for summary judgment may be granted even in cases "where elusive concepts such as motive or intent are at issue." (Emphasis added). *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed. 2d 127 (1994); *see Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) ("party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of

evidence'").

The party opposing the motion also may not rest on the allegations contained in the pleadings but "must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). In meeting this requirement, the party must "identify specific evidence in the record" and "articulate the precise manner in which that evidence supports his or her claim." *Id.* Rule 56 of the Federal Rules of Civil Procedure does not impose upon this Court the "duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909. 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S. Ct. 98, 121 L. Ed. 2d 59 (1992)); *see Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas* "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment"). A summary judgment will only be precluded by disputed facts which are material, i.e., "might affect the outcome of the suit under the governing law." [*4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Factual disputes which are irrelevant or unnecessary to the issue will not preclude summary judgment. *Id.* Summary judgment will be granted if the nonmovant "fails to make a show sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Dettmer v. Bank of N.Y. Mellon*, No. SA-24-CV-1353-FB, 2025 LX 305592, at *1-4 (W.D. Tex. Aug. 31, 2025).

## VIII. ARGUMENT AND ANALYSIS

### A. Adequate Time for Discovery Has Passed.

This Motion is procedurally proper under Fed. R. Civ. Proc. 56. The parties have had adequate time and opportunity for discovery. Plaintiff filed his Original Complaint on December 5, 2025. [DOC. 1]. Defendant propounded Requests for Production and Interrogatories upon Plaintiff on March 24, 2026, and Plaintiff responded on May 7, 2026. Defendant served Requests for Admission upon Plaintiff on September 2, 2026, with responses due on October 1, 2026. Plaintiff, by contrast, has propounded no discovery requests upon Defendant.

According to the scheduling order [DOC. 16] the discovery deadline is November 24, 2026, dispositive motions deadline is October 1, 2026, and trial is set for March 1, 2027. Defendant is therefore not seeking summary judgment on the eve of trial or after depriving Plaintiff of meaningful discovery opportunities. Plaintiff has served no discovery requests at all, nor has he taken any depositions, although his Complaint has been on file for nearly ten (10) months. That lack of diligence defeats any suggestion that summary judgment is premature and supports resolution of Defendant's Motion on the existing summary-judgment record.

### B. Plaintiff's ADA and Chapter 21 Claims Fail Because His Charge Was Not Timely Filed.

The ADA incorporates the enforcement procedures of Title VII, including the administrative charge-filing requirements in 42 U.S.C. § 2000e-5. In Texas, an ADA plaintiff must file a timely EEOC charge within 300 days of the alleged unlawful employment practice. *See Simotas v. Kelsey-Seybold*, 211 Fed. Appx. 273, 275 (5th Cir. 2006). Chapter 21 exhaustion requires filing a complaint with the TWC within 180 days of the alleged discriminatory act. *See Bunker v. Dow Chem. Co.*, 111 F.4th 683, 686 (2024). Under both the ADA and Chapter 21 a complainant must file an administrative complaint with the appropriate agency before filing suit.

Texas and federal law apply the same limitations period which begins when the employee is informed of the allegedly discriminatory employment decision. *See Drew v. McGriff Ins. Servs., Inc*., 2024 U.S. Dist. LEXIS 44586, 9 (2024). Under the ADA, the relevant date is when the employee learns the challenged decision has been made. *Simotas*, 211 Fed. Appx. at 275. The same rule applies to Chapter 21. *Drew*, 2024 U.S. Dist. LEXIS 44586 at 9.

A charge filed with the EEOC is considered to be filed with the Texas agency under the work sharing arrangement. *See Vielma v. Eureka Co*., 218 F.3d 458, 463 (2000). But Texas law still requires a charge to be filed with the TWC within 180 days of the unlawful employment practice. *See Barr v. Stripes L.L.C.*, 2022 U.S. App. LEXIS 9373, 8 (2022). When a claimant files an EEOC charge outside Chapter 21's 180-day deadline the Chapter 21 claims are not exhausted. *Id.*

Plaintiff's Charge was untimely filed under <u>both</u> statutes. Evidence provided herein demonstrates Plaintiff was terminated on January 30, 2024. Plaintiff filed his Charge on February 21, 2025—388 days after his termination. <u>**That filing was outside the ADA's 300-day period and far outside Chapter 21's 180-day period.**</u>

Plaintiff cannot avoid summary judgment by relying on his Complaint's allegation that he first learned of his termination on April 30, 2024, for several reasons. First, it is well-settled that the party opposing the motion also may not rest on the allegations contained in the pleadings but "must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Second, Plaintiff informed the TWC in his unemployment application he was told in "mid Feb[ruary]" 2024 he had been terminated. Second, he admitted under oath during his deposition that during a February 2024 visit to Defendant he saw paperwork showing he had already been terminated and testified he learned of his termination <u>at that time</u>. Even if the Court measured the

ADA's 300-day period from the last possible day of February 2024, on February 29, 2024, Plaintiff's Charge still came too late. Under Chapter 21, a February 2024, notice date made the February 21, 2025, Charge untimely by nearly six months. And under the ADA, the Charge was filed after 358 days, well after the 300-day deadline.

Both Plaintiff's ADA and Chapter 21 claims rest on the same alleged employment actions. Because Plaintiff did not timely file his administrative charge, he failed to timely exhaust his ADA and Chapter 21 claims. Defendant is therefore entitled to summary judgment on both those claims.

**C. Plaintiff Cannot Establish an FMLA Retaliation Because He Did Not Engage in Protected Activity.**

The FMLA prohibits an employer from terminating an employee for exercising or attempting to exercise FMLA rights. *See Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). To establish a *prima facie* case of FMLA retaliation[2], an employee must show (1) he engaged in protected activity, (2) suffered an adverse employment action, and (3) can establish a causal link between the protected activity and the adverse action. *See Wheat v. Fla. Par. Juvenile Justice Comm'n,* 811 F.3d 702, 705 (5th Cir. 2016). The first element requires the employee to show he was protected under the FMLA, and the third element requires proof the adverse decision resulted from seeking FMLA protection. *See Acker v. GM, L.L.C.*, 853 F.3d 784, 790 (5th Cir. 2017).

Plaintiff cannot satisfy the first or third requirements. Plaintiff never took FMLA leave. He never applied for FMLA leave. And he admitted he did not provide Defendant with medical or leave paperwork between January 3 and May 2024. There was therefore no exercise or attempted

2. [2] Plaintiff presented one sole cause of action under the FMLA in this case, an FMLA retaliation claim. See Complaint, ¶55 [DOC. 1] where Plaintiff alleges "Defendant's conduct constitutes unlawful retaliation against Plaintiff in violation of his rights under the FMLA, 29 USC §2615(a)." Furthermore, the time for Plaintiff to amend pleadings in this case already elapsed back in June 2026, pursuant to the Court's Scheduling Order [DOC. 16].

exercise of an FMLA right on which Plaintiff's retaliation claim could be based.

His Complaint alleges he made "numerous requests" for protected medical leave and that Defendant retaliated against him because "he asserted FMLA rights." But allegations do not create a genuine issue at summary judgment when the evidence establishes a complete failure of proof on an essential element. *See Celotex Corp.*, 477 U.S. at 323. **Plaintiff must identify specific facts supporting a genuine issue for trial**. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587. He cannot do so here because the evidence attached herein, which includes his own testimony, clearly demonstrates he did not apply for FMLA leave, take FMLA leave, nor did he provide any documentation for FMLA leave.

This absence of protected activity also defeats causation. An adverse action cannot have been taken because of an FMLA request which Plaintiff never made.

Plaintiff's FMLA retaliation claim therefore fails at the *prima facie* stage, and Defendant is entitled to summary judgment as a matter of law.

## IX. CONCLUSION

The undisputed facts in this case, which include Plaintiff's own sworn admissions, demonstrate that Plaintiff filed his Charge more than 300 days after both his actual termination and his admitted February 2024 notice of termination. His ADA disability-discrimination and retaliation claims are therefore untimely and barred because he failed to exhaust his administrative remedies. The same Charge was filed well beyond Chapter 21's 180-day deadline, defeating his state-law disability-discrimination and retaliation claims. Therefore, these claims fail as a matter of law.

Plaintiff's FMLA retaliation claim independently fails because he never took FMLA leave, applied for FMLA leave, supplied the Company with FMLA documentation, or otherwise engaged in protected FMLA activity. He therefore cannot establish either protected activity or causation

and his FMLA retaliation claim requires. Therefore, this claim also fails as a matter of law. In light of all of the above, all of Plaintiff's claims in this case must be dismissed.

## X. PRAYER FOR RELIEF

Defendant respectfully requests the Court grant this Motion, enter summary judgment in Defendant's favor on all of Plaintiff's claims, dismiss those claims with prejudice, award Defendant its taxable costs, and grant all other relief to which Defendant is entitled.

Respectfully Submitted,

***/s/ Sonia B. Alfaro***
**SONIA B. ALFARO**
State Bar No. 24086849
S.D. of Texas Bar No. 2898190
**ALFARO & ASSOCIATES**
1330 Post Oak Blvd.
Suite 801
Houston, TX 77056
Telephone: (713) 403-3125
Facsimile: (855) 602-8224
Email: salfaro@meaderslaw.com
**ATTORNEYS FOR DEFENDANT**
**HELENA LABORATORIES CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on the 1 October 2026, I electronically filed the foregoing document with the Clerk of the Court for the FOR THE EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION, using the CM/ECF system which will send notification of such filing to the following:

Emanuel Kataev
Consumer Attorneys, PLLC
68-29 Main Street
Flushing, NY 11367
ekataev@consumerattorneys.com

*/s/ Sonia B. Alfaro*
Sonia B. Alfaro